# In the United States Court of Federal Claims

No. 24-1437
(Filed: 1 May 2025)
NOT FOR PUBLICATION

```
*****************************************
JIM GARCIA,                               *
                                          *
                    Plaintiff,            *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
                    Defendant.            *
                                          *
*****************************************
```

## ORDER

**HOLTE**, **Judge.**

On 16 September 2024, *pro se* plaintiff Jim Garcia, retired Sergeant First Class of the United States Army, filed a military pay action seeking an increase in his combat related special compensation ("CRSC") and associated back pay.  *See* Compl. at 2–3, ECF No. 1.  On 4 October 2024, the government moved to dismiss plaintiff's Complaint under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") as barred by res judicata.  *See* Gov't's Mot. to Dismiss, ECF No. 8.  The Court granted the government's Motion, dismissing plaintiff's Complaint.  *See* 17 Mar. 2025 Order, ECF No. 21.  On 24 March 2025, plaintiff filed a motion for reconsideration under RCFC 59 and 60.  *See* Pl.'s Mot. for Recons. and Leave to File an Am. Compl. ("Mot. for Recons."), ECF No. 24.  On 4 April 2025, the government filed a response to plaintiff's Motion.  *See* Gov't's Resp. to Pl.'s Mot. for Recons. ("Resp."), ECF No. 25.  On 7 April 2025, plaintiff further moved to strike the government's Response.  *See* Pl.'s Mot. to Strike Gov't's Resp. ("Mot. to Strike"), ECF No. 26.  Plaintiff simultaneously filed a "Proposed Amended Claim Submitted in Support of Plaintiff's Motion for Reconsideration," which the Clerk's Office flagged as deficient given no RCFC provision allows plaintiff to make such a filing.  *See generally* RCFC.  On 21 April 2025, the government filed a motion to suspend briefing until the Court resolves plaintiff's Motion for Reconsideration.  Gov't's Mot. to Suspend Briefing Pending Resolution of Pl.'s Mot. for Recons. ("Mot. to Suspend Briefing"), ECF No. 27.  On 29 April 2025, plaintiff responded to the government's Motion to Suspend Briefing.  *See* Pl.'s Resp. to Gov't's Mot. to Suspend Briefing, ECF No. 28.  On 1 May 2025, the government replied to plaintiff's Response.  *See* Gov't's Reply in Supp. of Mot. to Suspend Briefing, ECF No. 29.  For the following reasons, the Court finds as moot plaintiff's Motion to Strike, ECF No. 26, and the government's Motion to Suspend Briefing, ECF No. 27, and denies plaintiff's Motion for Reconsideration, ECF No. 24.

## I. The Court's 17 March 2025 Order

The Court's 17 March 2025 Order considered whether "plaintiff's [C]omplaint [w]as barred by res judicata," since "plaintiff made the same unsuccessful argument in a 2022 suit before this Court." 17 Mar. 2025 Order at 1. First, the Court established res judicata bars plaintiff's claims when: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Id.* at 7 (quoting *First Mortg. Corp. v. United States*, 961 F.3d 1331, 1338 (Fed. Cir. 2020)). Walking through each element, the Court determined the parties "unanimously agreed" that "the parties [we]re identical" to plaintiff's 2022 suit. *See id.* at 9. Also, "the Court's [2022] decision—affirmed by the Federal Circuit—constituted 'a final judgment on the merits.'" *Id.* (quoting *First Mortg.*, 961 F.3d at 1338). Finally, the Court found plaintiff had "not demonstrated new 'operative facts' to distinguish his claims in the two cases," leading the Court to "conclude [plaintiff's] 'second claim is based on the same set of transactional facts as the first.'" *Id.* at 9–10 (quoting *First Mortg.*, 961 F.3d at 1338). Thus, with all res judicata elements met, the Court dismissed plaintiff's Complaint and entered judgment to dismiss the case. *Id.* at 10.

## II. Parties' Arguments

Before enumerating plaintiff's arguments, the Court notes plaintiff's Motion for Reconsideration contains legal assertions but states, without providing any reasoning, "the proposed amended complaint directly cures the deficiencies noted in the original pleading." Pl.'s Mot. for Recons. at 3. Though the Court did not grant leave for plaintiff to file the "Proposed Amended Claim," the Court now accepts the filing to allow for a full review of the reconsideration arguments included within it. Plaintiff calls the filing a "Proposed Amended Claim," but as the filing is really a supplement to plaintiff's Motion for Reconsideration, the Court refers to it as "plaintiff's Supplement to the Motion for Reconsideration."

Plaintiff primarily argues three "[n]ew [c]rucial" pieces of "[e]vidence not previously considered or overlooked" show his claim is not barred by res judicata. *See* Pl.'s Suppl. to Mot. for Recons. at 3–4 ("Pl.'s Suppl."). The first piece of evidence is a 20 October 2024 "email request for clarification . . . sent . . . to [t]he Office of [t]he Secretary of Defense [] Military Personnel Policy" ("OSDMPP Email"). *See id.* Plaintiff notes he "previously submitted" the 20 October 2024 OSDMPP email "as a [m]emorandum of [f]act dated 12 November, 2024, and [it was] accepted by this Court." *Id.* at 3; *see also* Pl.'s Mem. of Fact in Supp. of Pl.'s Resp. to Gov't's Mot. to Dismiss (dated 11 Nov. 2024), ECF No. 22. Next, plaintiff points out a "Department of the Army . . . CRSC approval letter" ("DoA Approval Letter") dated 2 April 2021. *See id.* at 4. Plaintiff writes, as an aside, the "evidence [was] previously attached to ECF [No.] 10" but was "possibly overlooked by the Court." Pl.'s Suppl. at 4. Finally, plaintiff mentions an early-2018 email exchange with the Retirement Services Office Program Manager ("RSO Email Exchange"). *See id.* Plaintiff claims these correspondences are "new evidence" proving his claim is not barred by res judicata. *See* Pl.'s Suppl. at 3–7. The thrust of these documents, plaintiff asserts, "[d]emonstrat[e] a clear distinction between this claim and all other previous claims that misapprehend that being compensated for [Individual Unemployability] is

considered an [i]ncrease in CRSC pay or CRSC pay at all, which proves [r]es [j]udicata cannot be applied to this current case before the Court." *Id.* at 4–5.

In plaintiff's Response to the government's Motion to Suspend Briefing, he argues the claims "should be heard and judged only on the merits and substantive evidence that have been submitted," which "cannot be refuted by the [government]." *See* Pl.'s Resp. to Gov't's Mot. to Suspend Briefing at 1. Referring to unrelated Supreme Court caselaw, plaintiff avers his "claims before this Court have not been resolved and [p]laintiff should be given the right to due process." *See id.* at 1–3 ("Collectively, these landmark decisions establish that equitable principles are to be applied with considerable discretion, enabling courts to balance hardships and ensure that remedies are fair and just. They highlight why, even when legal rules would dictate a particular outcome, judge are empowered—and indeed obliged—to fashion remedies that account for the unique, real-world impacts on the parties involved. This flexible approach remains a cornerstone of equity in American jurisprudence, ensuring that legal relief is administered not merely according to formality, but in consonance with the very substance of justice."). Finally, plaintiff purports "only one element [of res judicata] has been met" here, even though in res judicata "all three elements must be met." *Id.* at 3. The government, in its Reply to plaintiff's Response, notes it is unclear how plaintiff's equity, due process, and res judicata arguments are pertinent to the Court's consideration of the government's Motion to Suspend Briefing, and argued plaintiff "is not entitled to reconsideration or to file an amended complaint." *See id.* at 1. The government further argues: (1) "[i]it is unclear how suspending briefing on additional motions would infringe on [plaintiff]'s due process rights, as he has been fully permitted to participate in this case, to include the opportunity to submit a reply in support of his motion for reconsideration; (2) "[t]he benefit-of-the-doubt rule applies by statute to the processing of veterans' benefits claims before the [VA]; its applicability to [plaintiff]'s military pay claims is unclear;" and (3) "[i]t is unclear how the potential remedy (if any) that he may be entitled to on the merits of his claims has any bearing on our motion to suspend briefing." *Id.* at 1–2.

### III. Applicable Law

The Court may grant a motion for reconsideration under RCFC 59(a)(1): "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; [or] (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." RCFC 59(a)(1). "Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (cleaned up). "Under [RCFC] 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)). A motion for reconsideration "should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Seldovia Native Ass'n Inc. v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883)). "It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier."

*Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (citing *Freeman v. United States*, No. 01-39-NBF, 2016 WL 943859, at *2 (Fed. Cl. Mar. 1, 2016), *aff'd*, 875 F.3d 623 (Fed. Cir. 2017)), *aff'd sub nom. She Ahn Lee v. United States*, 895 F.3d 1363 (Fed. Cir. 2018). Deciding whether reconsideration is appropriate "lies largely within the discretion of the district court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## IV. Whether the Court Ought to Reconsider the 17 March 2025 Order

In his Motion, plaintiff cites "Rule 59(e)" instead of RCFC 59(a)(1). *See* Pl.'s Mot. for Recons. at 1. Under RCFC 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e). Given the liberal pleading standard for *pro se* plaintiffs, the Court understands plaintiff's request for reconsideration to be made under the appropriate RCFC 59(a)(1) standard. *See Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987) ("*Pro se* petitioners are not expected to frame issues with the precision of a common law pleading."); *see also Thykkuttathil v. United States*, 88 Fed. Cl. 293, 295 (2009) ("Pro se plaintiffs are entitled to a liberal construction of their pleadings." (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))).

Plaintiff argues the 17 March 2025 Order "was based on a misapprehension of the factual record and legal standards applicable to [his] claims." Pl.'s Mot. for Recons. at 2. Plaintiff further contends "the erroneous interpretation of [DOD FMR 7000.14R Vol. 7B, Chapter 63, Page 63-12 Para. C] materially affected the outcome of the benefit determination." Pl.'s Suppl. at 3. As plaintiff's claim of legal error depends on what plaintiff variably calls "new evidence" and "overlooked" evidence, the Court first turns to the claimed factual errors. *Id.* at 3–5; *see Biery*, 818 F.3d at 711 (quoting *Young*, 94 Fed. Cl. at 674).

The evidence plaintiff cites—*i.e.*, the 20 October 2024 OSDMPP Email, the 2 April 2021 DoA Approval Letter, and the early-2018 RSO Email Exchange—is neither new nor overlooked. In the Supplement to the Motion for Reconsideration, plaintiff acknowledges the 2 April 2021 DoA Approval Letter were part of the record before the Court in both the 2022 action and this action. *See* Pl.'s Suppl. at 3–4; *see also* 15 Nov. 2023 Order at 2 (citing "2 April 2021 CRSC Office Decision Letter"). The Court also considered the 20 October 2024 OSDMPP Email in its 17 March 2025 Order. *See* 17 Mar. 2025 Order at 4 n.3. Plaintiff further fails to recognize the early-2018 RSO Email Exchange was included in the administrative record of plaintiff's 2022 action. Pl.'s Mot. for J. on the Administrative R. ("MJAR"), Exhibit I (Plaintiff's 2 Feb. 2018 Email to Government re CRSC), *Garcia v. United States*, No. 22-1222 (Fed. Cl. Apr. 24, 2023), ECF No. 23-7. These correspondences are thus not newly discovered evidence to warrant reconsideration of the case. *See Caldwell*, 391 F.3d at 1235 ("Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." (cleaned up)); *Lee*, 130 Fed. Cl. at 252 ("It is not sufficient for plaintiffs to reassert the same arguments they made in earlier proceedings, nor can plaintiffs raise new arguments that could have been made earlier."); *Seldovia*, 36 Fed. Cl. at 594 (holding a motion for reconsideration "should not be entertained upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged" (cleaned up)).

To prove factual error, plaintiff posits two main arguments in support of his Motion—none of which meet the heightened standard required for the Court to grant a motion for reconsideration.  First, plaintiff characterizes these correspondences as showing Individual Unemployability ("IU") "compensation is not considered CRSC pay," thus entitling him to reconsideration.  *See* Pl.'s Suppl. at 4.  This is irrelevant to the question of law presented.  As the Federal Circuit explained, "[t]he principal issue raised by [plaintiff] is whether [the DoD regulation] exempts a veteran with a total disability based on IU from the CRSC cap imposed by 10 U.S.C. § 1413a.  We agree with the Court of Federal Claims that it does not."  *Garcia v. United States*, No. 2024-1216, 2024 WL 2064624 at *2 (Fed. Cir. May 9, 2024).  Plaintiff makes the same argument here.  *Compare with* Pl.'s Suppl. at 6 ("The misapplication of DOD FMR 7000.14R Vol. 7B, Chapter 63, Page 63-12 Para. C . . . renders the existing award erroneous."), *with* Pl.'s Reply to Gov't's Cross-MJAR at 2, *Garcia*, No. 22-1222 (Fed. Cl. July 10, 2023), ECF No. 30.  Showing IU and CRSC are distinct concepts has no bearing on "whether [the DoD regulation] exempts a veteran with . . . IU from the CRSC cap," *Garcia*, 2024 WL 2064624 at *2, and thus cannot prove a legal error occurred.  This is because "the cap on [plaintiff]'s CRSC is not based on [his] disability rating or his IU rating; it is based on his years of service."  *Id.*  Given plaintiff has not demonstrated any factual error regarding the correspondences, they cannot support reconsideration of plaintiff's claims.  *See Caldwell*, 391 F.3d at 1235 ("Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." (cleaned up)).  Since plaintiff's claim of legal error hinges on an alleged factual error in interpreting the correspondences, plaintiff has demonstrated no legal error to support reconsideration.  *See id.*  Second, plaintiff argues "errors in benefit computations due to misinterpretation of regulatory provisions" support reconsideration.  *See* Pl.'s Suppl. at 5 (citing *Powers v. United States*, 401 F.2d 813 (Ct. Cl. 1968)).  This contention, however, cannot succeed because plaintiff has not proven the regulation was misinterpreted.  To the extent plaintiff's argument relies on *Laughlin v. United States*[1] or *Caldwell* to support "when service members are adversely affected by administrative or judicial errors . . . redetermination of such benefits is proper," plaintiff's assertions cannot succeed because plaintiff has not proven the regulation was misinterpreted.  *See Caldwell*, 391 F.3d at 1235.  Moreover, to the extent plaintiff implies the Court did not afford him the lenient pleading standard appropriate for *pro se* litigants, *see* Pl.'s Mot. for Recons. at 3 (first citing *Haines*, 404 U.S. 519, and then citing *Erickson v. Pardus*, 551 U.S. 89 (2007)), the Court stated and applied that standard repeatedly in its 17 March 2025 Order, *see* 17 Mar. 2025 Order at 6, 9 ("[T]his Court evaluates *pro se* litigants' pleadings by 'less stringent standards than formal pleadings drafted by lawyers.'"); *see also* 15

---

[1] The Court notes plaintiff provides no citation for this case but assumes plaintiff is referring to *Laughlin v. United States*, 124 Fed. Cl. 374 (2015), *aff'd*, 665 F. App'x 902 (Fed. Cir. 2016).  *See* Pl.'s Suppl. at 6.  The Court also notes *Laughlin* is not binding and plaintiff does not offer any analysis for *Laughlin*; nor does plaintiff explain how it is applicable to this case's context.  *See id.*  Despite these deficiencies, the Court has considered *Laughlin* in the light most favorable to plaintiff and determines *Laughlin* does not alter the Court's ruling.  The court in *Laughlin* held based on specific facts in that case "[plaintiff]'s case rest[ed] primarily on his allegation that he was told . . . in 2003 that by moving to the DUINS program, plaintiff could begin satisfying his active duty service obligation. . . . but it d[id] not establish that plaintiff was promised he could satisfy his active duty obligation during this training . . . .  Because th[e] court [] found that the Navy and the Navy Board did not err in determining that plaintiff's training-related active duty obligated service date is July 1, 2017, it need[ed] not reach the issue raised in plaintiff's second cause of action regarding multiyear retention bonuses and incentive special pay allegedly due . . . the Navy's and the Navy Board's determination of plaintiff's active duty service obligation was not arbitrary, capricious, or unsupported by evidence, nor did it violate applicable statutes and regulations."  *See Laughlin*, 124 Fed. Cl. at 385–87 (granting the government's MJAR, denying plaintiff's Cross-MJAR, and entering final judgment).

Nov. 2023 Order at 6–7, 10 (recognizing greater leeway granted to *pro se* litigants given hardships). For all these reasons, the Court determines no legal error exists sufficient to meet the heightened standard required for the Court to grant a motion for reconsideration. *See Biery* 818 F.3d at 711; *Caldwell*, 391 F.3d at 1235; *Seldovia*, 36 Fed. Cl. at 594 (holding a motion for reconsideration "should not be entertained upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged" (cleaned up)); *see also Yuba*, 904 F.2d at 1583 (holding whether reconsideration is appropriate "lies largely within the discretion of the district court").

Finally, plaintiff posits several scattered arguments throughout his Response to the government's Motion to Suspend Briefing. *See* Pl.'s Resp. to Gov't's Mot. to Suspend Briefing at 1–3. First, plaintiff cites old Supreme Court caselaw,[2] arguing the Court must grant plaintiff's Motion to "balance hardships and ensure that remedies are fair and just." *See id.* at 3. The caselaw plaintiff cites, however, is not applicable to the facts of the case and are decades old; specifically, plaintiff has not shown a change in law or fact to justify reconsideration. *See Biery* 818 F.3d at 711 ("Under RCFC 59(a)(1), a court, in its discretion, may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." (cleaned up)). Not only does plaintiff not explain how the Court has not considered balance of hardships and equity, his arguments rest solely on policy considerations—which are insufficient to warrant reconsideration. *See Caldwell*, 391 F.3d at 1235 ("Motions for reconsideration must be supported by a showing of extraordinary circumstances which justify relief." (cleaned up)). Also, contrary to plaintiff's claim, the Court considered the balance of equities and plaintiff's status as *pro se* in its 17 March 2025 Order. *See supra*; *see also* 17 Mar. 2025 Order at 6, 9 ("[T]his Court evaluates *pro se* litigants' pleadings by 'less stringent standards than formal pleadings drafted by lawyers.'"); 15 Nov. 2023 Order at 6–7, 10 (recognizing greater leeway granted to *pro se* litigants given hardships). Plaintiff further cites *Bufkin v. Collins*, 145 S. Ct. 728 (2025), without providing any explanation or analysis as to why it supports the Court granting his Motion for Reconsideration. *See* Pl.'s Resp. to Gov't's Mot. to Suspend Briefing at 1. The Supreme Court in *Bufkin* held "the VA's benefit-of-the-doubt" rule "requires the Veterans Court to review the VA's conclusions of law *de novo* and its findings of fact for clear error." 145 S. Ct. at 737–38. Here, however, the Court already considered the parties' arguments raised during MJAR briefing and made a ruling accordingly. *See* 15 Nov. 2023 Order. It is also unclear whether or how the "benefit-of-the-doubt" rule even applies here; and even if it applies. The Court, however, need not determine whether and how the rule applies since it is insufficient to warrant reconsideration because the Court has consistently granted leeway to plaintiff as a veteran and *pro se* litigant. *See Caldwell*, 391 F.3d at 1235; *see also supra*; Gov't's Reply in Supp. of Mot. to Suspend Briefing at 2 ("The benefit-of-the-doubt rule applies by statute to the processing of veterans' benefits claims before the [VA], 38 U.S.C. § 5107(b); its applicability to [plaintiff]'s military pay claims is unclear."). Plaintiff lastly asserts "only one element [of res judicata] has been met" here, even though in res judicata "all three

---

[2] *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999); *Tennessee Valley Auth. v. Hill*, 437 U.S. 153 (1978); *United States v. E. I. du Pont de Nemours & Co.*, 366 U.S. 316 (1961); *Pan-Am. Petroleum & Transp. Co. v. United States*, 273 U.S. 456 (1927); *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321 (1906).

elements must be met." *See* Pl.'s Resp. to Gov't's Mot. to Suspend Briefing at 3.  Plaintiff is incorrect.  The Court previously offered a detailed analysis outlining how all elements of res judicata were met.  *See* 17 Mar. 2025 Order at 6–10 (providing in-depth analysis for application of res judicata to plaintiff's 2024 action).  To the extent plaintiff argues his "right to due process" has been violated," Pl.'s Resp. to Gov't's Mot. to Suspend Briefing at 1, plaintiff filed numerous motions in the 2022 action and has been fully permitted to participate in this case, including the opportunity to submit a reply in support of his motion for reconsideration, *see id.*  The Court therefore is unable to grant plaintiff's Motion for reconsideration.  *See Biery* 818 F.3d at 711; *Caldwell*, 391 F.3d at 1235; *Seldovia*, 36 Fed. Cl. at 594; *see also Yuba*, 904 F.2d at 1583 (holding whether reconsideration is appropriate "lies largely within the discretion of the district court").

## V.     Conclusion

Plaintiff's request for reconsideration is insufficiently supported by law and attempts to relitigate matters previously raised and fully addressed by the Court.  As such, plaintiff has not met the heightened standard for the Court to grant a motion for reconsideration.  To the extent plaintiff seeks relief under RCFC 60 from the Court's Order dismissing this case, plaintiff does not specify any mistake, oversight, omission, or other ground for relief the Court has not already addressed.  Accordingly, the Court **ACCEPTS** plaintiff's 7 April 2025 "Proposed Amended Claim Submitted in Support of Plaintiff's Motion for Reconsideration" and **DIRECTS** the Clerk's Office to docket it as "Supplement to Plaintiff's Motion for Reconsideration." Additionally, the Court **FINDS** as **MOOT** plaintiff's 7 April 2025 "Motion to Strike," ECF No. 26, and the government's 21 April 2025 "Motion to Suspend Briefing," ECF No. 27, and **DENIES** plaintiff's Motion for Reconsideration, ECF No. 24.  The Clerk's Office is **DIRECTED** to **DISMISS** and close the case consistent with this Order.

**IT IS SO ORDERED.**

s/ Ryan T. Holte<br>
RYAN T. HOLTE<br>
Judge